# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHESTER WILSON ) | |
| a/k/a Kusu ra Kush Bey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV00883 ERW |
| ) | |
| DAVID HERR, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is legally frivolous.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action for alleged violations of his civil and "indigenous" rights.  Named as defendants are: David Herr (FBI); Douglas Burris (Chief, U.S. Probation Officer); Shannon McAllister (Pretrial Services Officer); Daniel Bullock (Sheriff, St. Francois County); Dennis Smith (Jail Administrator; St. Francois County); Gilbert Bailon (Editor in Chief, St. Louis Post Dispatch); Robert Patrick (Reporter, St. Louis Post Dispatch); and Barry Thomas (Publisher, Evening Whirl).

In a somewhat rambling complaint, plaintiff appears to allege that because he is a Moor he is, therefore, immune from state and federal law.  Specifically, plaintiff claims that on April 23, 2013 he was "kidnapped" and arrested, and then his home and person were illegally searched by FBI agents and police.  He claims that there were

problems with the arrest warrant he was shown, namely that the name on the warrant was a "fraudulent corporate name Chester Wilson," rather than his indigenous name Kusu ra Kush Bey.  Plaintiff maintains that the arrest constituted kidnapping, because he is not subject to arrest by law enforcement.  He claims that on April 26, 2013, he was brought before Judge Nannette Baker and Judge Thomas Mummert but that both Judges refused to recognize him as an Aboriginal Indigenous American Moor in Full Life and proceeded to adjudicate him under the name Chester Wilson.  Plaintiff believes that the use of Chester Wilson by the U.S. Government is "an act of conspiracy."   Plaintiff further asserts that an article published by the St. Louis Post Dispatch titled "21 Are Indicated in Thefts of Vehicle" and an article published by the St. Louis Evening Whirl titled, "Feds Come Down Hard on 2 Outlaw Gangs; Murders Go Away; Auto Thieves Sacked," bearing Chester Wilson and an image of Kusu ra Kush Bey on the front page is an "infringement against the recorded Common Law Copyright Notice as well as an infringement of the International Human Rights and Indigenous Rights listed [in his complaint]."

Plaintiff seeks the dismissal of all charges/warrants/tickets/bills/contracts against him, including those sought in Case No. 4:13CR143 SNLJ.  Plaintiff also seeks a "copy of the 'Certified Delegation of Authority,' 'Oath of Office,' 'Oath of Ethics,' and Bond Numbers for ALL state/government officials, employees, Judges, prosecutors, agents,

clerks, police and anyone who has touched or is in anyway involved in this case." Plaintiff also seeks recognition of himself and all other Indigenous Moors of the Saint Louis Territory as "Masters" by "all involved parties."  Last, plaintiff seeks compensatory damages in an amount of $75,000 and punitive damages in an amount of $75,000 per charge/per person.

## Discussion

Fatal to plaintiff's assertion of immunity is the non-recognition of the Moorish Nation as a sovereign state by the United States.  See Benton-El v. Odom, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); Osiris v. Brown, 2004 WL 2044904 *2 (D.N.J. Aug. 24, 2005); Khattab El v. United States Justice Dept., 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988).  Plaintiff cannot unilaterally bestow sovereign immunity upon himself. See United States v. Lumumba, 741 F.2d 12, 15 (2d Cir. 1984).  Plaintiff's purported status as a Moorish-American citizen does not enable him to violate state or federal laws without consequence, nor does it allow him to make up his own purported causes of action and insist that others have violated his rights when they fail to adhere to those laws.  As a result, plaintiff's allegations are legally frivolous.[1]

Accordingly,

---

[1] To the extent plaintiff wishes to attack the legality of the arrest warrant, he should do so within the confines of his criminal case.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous.

An Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 18th day of day of June, 2013.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE